and you may proceed. Thank you. Good morning, Your Honor. May it please the court. Mr. Harris should not have been sentenced as an armed career criminal. You want to speak into the microphone? Better? Yes. Read right, speak right into that microphone and keep your voice up. Thank you very much. Mr. Harris should not have been sentenced as an armed career criminal because the documents presented at his sentencing did not establish that his prior conviction for attempted first degree assault was premised on intentional conduct as is required under the Armed Career Criminal Act. In a federal sentencing proceeding, typically any fact that enhances a statutory maximum or minimum penalty must be submitted to a jury and found beyond a reasonable doubt, subject to one exception, and that is the fact of a prior conviction. Because that is the one fact that a district court is permitted to find, there are safeguards in place to ensure that those Sixth Amendment rights are still protected. Two of those are, one, the district court is limited in the documents that it can look to, Shepard documents, and the second is that the purpose of those documents and the facts listed in those documents serve only to permit the court to determine under what elements a defendant was previously convicted. You're disagreeing that the Shepard document here, which part of which was the plea colloquy, you're disagreeing that that was sufficient to establish the predicate crime? Yes, Your Honor, in two parts. One, we would argue that because in his prior state court plea colloquy, Mr. Harris never affirmed that the facts are correct, that wouldn't qualify as a Shepard document. But even assuming that it would, the factual basis provided in support of that plea does not establish that Mr. Harris committed his attempted assault recklessly because it contains no mention of his intent. Let me ask you about the first point that you raised. You argue, it looks to me like for the first time on appeal, that he never assented to the factual basis in the colloquy. You made no such argument in the district court, did you? In fact, it looked to me when I looked at it that you said in the first portion of the sentencing hearing, as I understand it, it was bifurcated. There were two times that he was at it. But in the first time, counsel said, quote, I don't agree with the government's assertion that it is clear that it shows which section he pled to because, as we stated earlier, there is never a dispute about the facts. There is a very big dispute as to which prong he was convicted under. I understood the argument in the district court to be not that the facts were not accurately recited, but simply that accepting them as true, you still couldn't tell which of the five possibilities he pled under. Did I misunderstand that? No. No, Your Honor. Initially, counsel did object to the use of this as a shepherd document. But when it was presented to the court, the argument presented at sentencing was, as you the facts as true. They did not establish intent. What's more, the factual basis for the attempted first degree assault conviction was recited in paragraph 36 of the PSI. And as I read it, Mr. Harris did not object to the PSI's inclusion of that factual basis. So I started with, and tell me if I've misapprehended this, with the proposition that there was no dispute about the underlying facts. There was a dispute about whether you could tell from the underlying facts whether he pled to the first, second, third, fourth, or fifth iteration of the statute. That was the issue you were raising. And that is the heart of the argument. But I heard you to be saying here today something different, that he never agreed to those facts, as opposed to, yeah, we don't dispute the facts, but we still can't tell what he pled to. There are two theoretical possibilities. You're claiming the facts were never assented to and therefore cannot be accepted as true. Or, yeah, the facts we didn't really quarrel with, but it doesn't yield the answer to which of the five possibilities he pled to. That or the latter is what I understood you to be arguing in the district court. But I hear you today to be making both arguments. Have I misunderstood this? No, Your Honor. Well, why should we consider the first argument now at all? Why didn't you waive it, abandon it when you never raised it in the district court and to the contrary told the court that you never disputed the facts? You certainly led him to believe that you were accepting the facts. For whatever it was worth, you weren't quarreling with the facts. Do you understand the heart of my question? I do, Your Honor. And I'm just trying to see what's properly before us. I understand the argument, the second argument, which is that accepting the facts is true. You still can't tell what he pled to. But I understood you to be making an additional argument here that we don't accept the facts and that was different from what was raised in the trial court. Are you making both arguments before us or just the second argument that you can't tell what he pled to? I'm making both but with a focus on the second argument. Okay. Yes, Your Honor. And as to the second argument, we would argue that the plea colloquy in the state court sentencing proceedings does not establish that Mr. Harris necessarily pled to intentional conduct as required under the ACCA. This case is very similar to a case that the First Circuit had to address, United States versus Kennedy. And in that case, it dealt with a Massachusetts assault and battery conviction. And the court, assuming arguendo, said that this could be potentially committed intentionally or recklessly and looked to the facts in the state court plea colloquy, which included that the defendant in that case, excuse me, and one other person punched a man, kicked him. He fell and hit his head on a pole and they continued to kick him on the ground. But it never contained an explicit reference to his intent. A little bit different here, though. The wording of the colloquy is that after his brother was in an altercation with some other folks at a gas station, during the course of the altercation, witnesses observed the defendant come out of his vehicle with a pistol and begin shooting at the two Thomas brothers. One was hit multiple times. The other had fragments. Seven bullets were fired. Seven shell casings were found. By the language of saying he's shooting at the two brothers, does that not suggest intent to you? Not necessarily, Your Honor. In fact, one of the, because you can shoot at someone and not have the specific intent to cause injury. If you've got a gun with seven bullets in it and they all are coming at that person, you can have no intent to actually hurt them? Yes, Your Honor. And how would that be? For example, if he was shooting towards these men to startle them, it's included in the factual basis that they were attacking his brother and he came out of the vehicle. If he was trying to he could have potentially been acting recklessly, but not with the specific intent to shoot the men. And in fact, the commentary to the Alabama statute suggests that one potential way of committing reckless assault is shooting into a crowd, but without the specific intent to injure a person. And here, nothing confirmed Mr. Harris's intent. Let me come at the question differently. Let's accept that as so. Under Alabama law, is it not clear that the only way you can commit an attempt to commit a crime is if it's done with the specific intent to commit the offense? Don't you have to have the mens rea of intent in order to be convicted of an attempted first degree assault or an attempted anything? Recognizing that that is what the case law says, there are cases in which Alabama courts, excuse me, do appear to have prosecuted potentially reckless conduct as an attempt. For example, we cite to both the Weeks case and Ex parte Hollander. And those cases involved individuals fleeing from law enforcement officers and striking the officer's vehicles. And in, I believe, Ex parte Hollander, driving through a parking lot recklessly. So is it your view that under Alabama law, which of course I have to look to, to see what the elements are of the crime under 13A, 620A1 or 2, you don't have to have the specific intent to commit a specific offense? It's enough just to act recklessly? Notwithstanding what the statute says? We'd argue that Alabama has exhibited that it will prosecute cases that way. And that is, under Moncria v. Holder, that is one way to establish a reasonable probability that a state prosecutes cases outside or prosecutes conduct that would fall outside of the ACCA. Thank you. Thank you very much. May it please the Court, Praveen Krishna for the United States. Attempted recklessness is an oxymoron as far as Alabama law is concerned. Under Alabama law, it is not possible for somebody to be convicted for intending to act recklessly. Therefore, under the categorical approach, Mr. Harris's conviction for first attempted first-degree assault is categorically a violent felony under the Elements Clause because the only provisions that could have supported that conviction are either assault with the intent to cause serious physical injury or assault with the intent to cause permanent damage to a victim's organs. And there's been no dispute that either of those provisions would qualify as a violent felony. It is impossible for Mr. Harris to have been convicted for intending to recklessly cause serious physical injury. We've pointed this Court to the Stennett decision, which holds point blank that attempted manslaughter is a non-existent offense under Alabama law. And I think that Mr. Harris, in the reply brief, cites the Minshew decision from the Alabama Court of Criminal is a non-existent offense as well. Now, instead of focusing on the elements, Mr. Harris's argument against the categorical approach makes the classic mistake that we often see in these sentencing enhancement cases of confusing facts with elements. We agree that there have been circumstances, there have been cases where an Alabama defendant was convicted of an attempt offense and that conduct could have supported a completed reckless conviction as well. But that's really irrelevant to the issue that we have here because none of those cases ever involve an attempt offense with an element of recklessness. And there's no surprise that sometimes a completed reckless offense and an attempt conviction could the defendant take an overt act and in some circumstances that overt act might expose a victim to a substantial risk of serious physical injury. Can we tell whether he pled under A-1 or A-2 without actually looking at the Shepard documents? I don't think that, I don't think the Shepard documents are particularly clear. I mean, I think that actually I take that back. I think the Shepard documents would further support a conviction under A-1 but under the categorical approach. Right, I'm simply asking a different question. I'm asking you whether or not you could discern whether he pled to, we know he pled to attempt at first degree assault. We know that the statute lays out five different ways that that crime can be committed, two of which require intent. The others deal with recklessness, driving under the influence and so on. So if you accept that the plea was to an attempt and that under Alabama law that necessarily required that the mens rea with specific intent and you look at the statute, there are two possible intents. Under A, with intent to cause serious physical injury to another person. He or she causes serious physical injury by means of a deadly weapon or a dangerous instrument or two with intent to disfigure, etc. Without looking at the Shepard documents, you couldn't tell which of the two it was, could you? No, you couldn't, Your Honor. Your answer is it hardly matters because either require intent, both require intent. But if you wanted to know which it was, you wanted to clarify that, would not the Shepard documents make that crystal clear? I think that they would by process of elimination because at the very least, the Shepard documents certainly contain no information about damage to organs or the body or anything of that sort. The idea of shooting at somebody multiple times and doing so with intent. But there's no evidence from that, that there was an intent to cause permanent disfigurement or to destroy, amputate or disable. From that state of facts, he just shot the weapon twice and it struck two people and they were injured. That's all we know from the Shepard documents. Well, I believe he shot it seven times, but. Right, but he struck two people. That's right, he struck two people. And so I think the categorical approach conclusively resolves this issue. I'm happy to. So your answer is you'd never get to the Shepard document. It's not necessary, but if this court wants to look at the Shepard documents under the modified categorical approach, we cite the McCurry decision from the Alabama Court of Criminal Appeals. I think that makes crystal clear that the idea of shooting at means that the person, that the defendant aimed at the victims. And if the defendant aimed at the victims, he necessarily acted intentionally. And so the factual basis that's provided in the Shepard document provides further support for the enhancement. Your colleague recognizes that the statute is clear that any attempt under Alabama Penal Code requires specific intent. But she says that when you look, in fact, at these first degree assaults, you will find cases under Alabama law where they actually applied recklessness rather than specific intent. And she cites Weeks v. State as an example of that. Right, I mean, Weeks v. State, I believe in the- I mean, that's the thrust of her argument. She recognizes that the statute requires specific intent. She recognizes that he pled to an attempt, but says, nevertheless, the statute has basically been honored in the breach and that they've gone with recklessness as well. That is what I take her argument to be. And she cites Weeks for it. And then she cites to a dissenting judge's opinion in ex parte Hollander. Those are the two sites she offers. That's right. And I think- You need not respond to the second one, but what about Weeks? I don't believe the issue in Weeks involves the question of attempt to reckless. I believe she's citing to the factual recitation in the Weeks decision. But that doesn't- there's no holding by the Court of Criminal Appeals that intent for the purposes of attempted assault means the same thing as recklessness elsewhere in the Alabama Criminal Code. I believe that that's just a case where a person was convicted of an attempt assault and also, I think, a reckless endangerment conviction as well. There's simply- and that goes back to the point I was making earlier about this is an argument that was really just relying on the facts rather than the elements. Weeks is certainly not a case, and I believe that the opening brief conceded this. It's not a case where the Court of Criminal was sufficient to constitute intent for an attempt of conviction. And furthermore, even if we were to look at this shooting as reckless in nature, I think we face another problem, which is we still have an attempted assault conviction. And so even if we were to say that the shooting was reckless, it's difficult to see how this would be an attempt because whatever reckless conduct Mr. Harris wanted to commit, he successfully committed it. The shooting was complete. The gun didn't misfire. There's no evidence that someone interrupted him. And so if this is reckless conduct, it was completed reckless conduct. So the factual basis and the modified categorical approach provides another reason for affirming the sentence below. I'm happy to answer any other questions this Court might have. Otherwise, we ask that you please. Thanks very much. Thank you. Mr. Darby, you've reserved five minutes. Thank you. Yes, Your Honor. And I did just want to kind of piggyback off of what he's saying. Yes, what we are arguing is somewhat practice-based and looking to the facts that people were convicted under. But nonetheless, those facts are evidence of what kind of cases the state of Alabama prosecutes. And in determining whether a plea is reasonable, this is the kind of thing that attorneys look to. So they are relevant to this decision. I also wanted to just reference the statement on shooting at and the sites to Alabama case law indicating that that can be intentional conduct. What those cases establish is that a jury can infer based on someone shooting at another person. They can infer intent there. But that's not the role of a federal sentencing court in a sentencing proceedings. And that's not the purpose that, that's not the purpose that. Right. But doesn't, didn't the Alabama Court of Criminal Appeals make clear that to be convicted of this attempt crime, you must have a specific intent because intentional and reckless conduct are basically inconsistent. And under Alabama law, it's legally impossible to intend reckless conduct. Isn't that what the Alabama courts say? It is, Your Honor. Nonetheless, we would, we would point to the cases where it appears that someone has been prosecuted of an attempted offense based on reckless conduct. Thank you. I didn't mean a foreclosure if you had any other arguments that you wanted to make. Nothing further, Your Honor. Thank you again for your efforts. Thank you. Mr. Krishna, I will proceed then to the next case, which is Tammy Christmas versus the Commissioner of Social Security.